UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE E. DALEY, III : | |
| : | |
| Plaintiff, : | |
| V. : | CIVIL NO. 3:09-cv-2080-WWE |
| : | |
| CHASE BANK USA, N.A., BANK OF : | |
| AMERICA, N.A., EXPERIAN : | |
| INFORMATION SYSTEMS, INC. and : | |
| EQUIFAX INFORMATION SERVICES, LLC : | |
| : | June 29, 2010 |
| Defendant. : | |

## AMENDED COUNTERCLAIM OF CHASE BANK USA, N.A.

Defendant Chase Bank USA, N.A. ("Chase"), by its undersigned counsel, hereby states as follows as its Amended Counterclaim against Plaintiff/Counterclaim Defendant George E. Daley, III, and Counterclaim Defendant Michelle Daley.

### Parties and Jurisdiction

1. Plaintiff/Counterclaim Defendant George E. Daley, III ("Mr. Daley") is an individual and a resident of Connecticut. At all relevant times, he has held a Chase credit card account in his own name.

2. Counterclaim Defendant Michelle Daley ("Ms. Daley") is an individual and a resident of Connecticut. At all relevant times, she has been the spouse of Mr. Daley.

3. Defendant/Counterclaim Plaintiff Chase is a national association with its main office in Newark, Delaware.

4. Jurisdiction of the subject matter is appropriate under this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

5.      *In personam* jurisdiction is appropriate because Mr. and Ms. Daley are residents of the State of Connecticut and because Mr. Daley has consented to this Court's jurisdiction.

### Count One: Breach of Contract (Mr. Daley)

6.      Mr. Daley and Chase entered into a contract whereby Chase extended credit to Mr. Daley and provided Mr. Daley with a credit card with which to make purchases on his account, and whereby Mr. Daley agreed to pay Chase for charges incurred on his account, with interest as applicable.

7.      Mr. Daley has incurred charges on his Chase account for which he has failed or refused to pay Chase.

8.      Mr. Daley has breached his contract with Chase.

9.      Chase has suffered loss and has incurred damages for which Mr. Daley is liable.

### Count Two:  Fraud (Ms. Daley)

10.     Paragraphs 1 through 9 of this Amended Counterclaim are incorporated herein. This claim is pleaded in the alternative to Count One.

11.     Mr. Daley has characterized Ms. Daley's use of his Chase credit card as fraudulent and has asserted Ms. Daley's fraud as a basis on which he is not liable to pay his Chase credit card balance.  In October 2008, Mr. Daley first reported his wife's alleged fraud to Chase in a signed writing.

12.     Mr. Daley contends that his wife is not an account holder or an authorized user of Mr. Daley's Chase credit card account.

13.     According to Mr. Daley and his attorneys speaking on his behalf, Ms. Daley used Mr. Daley's Chase credit card on numerous occasions without Mr. Daley's permission to make withdrawals of cash from automated teller machines (ATMs).

14. Mr. Daley also contends that, without his permission, Ms. Daley obtained a personal identification number (PIN) from Chase to use Mr. Daley's Chase credit card at ATMs.

15. Ms. Daley used the PIN to make dozens of cash withdrawals beginning in 2006 and continuing through late 2008. These cash withdrawals totaled many thousands of dollars. The vast majority of these withdrawals were made at or near the casinos in Southeastern Connecticut. Many of the ATM withdrawals appeared on Mr. Daley's Chase credit card statements prior to October 2008.

16. Prior to October 2008, Mr. and Ms. Daley, each had made payments toward Mr. Daley's Chase credit card account.

17. By using Mr. Daley's credit card and by using a PIN to make ATM withdrawals and other transactions, allegedly without permission, Ms. Daley made false representations of fact that she was an authorized user on the account.

18. By making partial payments on Mr. Daley's Chase credit card account drawn on her joint checking account with Mr. Daley, Ms. Daley made false representations of fact that the charges appearing on the monthly Chase statement had been authorized.

19. Chase reasonably relied on Ms. Daley's misrepresentations. Ms. Daley possessed Mr. Daley's Chase credit card and a valid PIN when she made cash withdrawals. Mr. and Ms. Daley repeatedly made payments on Mr. Daley's Chase credit card account, suggesting that the charges showing on Mr. Daley's statement were valid and had been incurred by an authorized user.

20. Chase relied on the representations of Ms. Daley to its detriment by continuing to extend credit to Mr. Daley and by funding the ATM withdrawals based on Ms. Daley's use of the credit card and PIN.

21. Ms. Daley benefited by making these misrepresentations. She has had the use and enjoyment of the funds she withdrew and has not repaid the funds in any substantial part.

22. Chase has been harmed by Ms. Daley's fraudulent misuse of Mr. Daley's Chase credit card. It has extended credit on Mr. Daley's credit card account and funded withdrawals and charges made on that account. It has not been repaid for those advances in any substantial part.

WHEREFORE, for its counterclaim, Chase respectfully requests the following relief of this Court:

1. Compensatory damages for charges incurred and not paid on Plaintiff's account;

2. Interest at the applicable rate provided in the parties' contract;

3. Common law punitive damages, as to Count Two only;

4. Costs; and

5. Such other relief in law or equity as the Court may deem appropriate.

> DEFENDANT,
> CHASE BANK USA, N.A.
>
>
> By:      /S/    Christopher F. Girard
> Bradford S. Babbitt (ct13938)
> Christopher F. Girard (ct26896)
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No.: (860) 275-8200
> Fax No.: (860) 275-8299
> E-mail: bbabbitt@rc.com
>           cgirard@rc.com

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /S/     Christopher F. Girard  
      Christopher F. Girard